# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0307, <u>State of New Hampshire v. Joyce Howard</u>, the court on October 1, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Joyce Howard, appeals her convictions, following a jury trial in the Superior Court (<u>Will</u>, J.), on charges of second-degree assault, <u>see</u> RSA 631:2, I(a) (2016) and conduct after an accident, <u>see</u> RSA 264:25 (2024). The defendant argues that the trial court erred in denying her motion to set aside the verdict on the second-degree assault charge, asserting that the evidence was insufficient to support the verdict. We affirm.

To succeed on her motion to set aside the verdict, the defendant had the burden of establishing that the evidence, viewed in its entirety and with all reasonable inferences drawn in favor of the State, was insufficient to prove beyond a reasonable doubt that she was guilty of the crime charged. <u>State v. Fandozzi</u>, 159 N.H. 773, 782 (2010).

To convict the defendant of second-degree assault, the State was required to prove, beyond a reasonable doubt, that she "[k]nowingly or recklessly cause[d] serious bodily injury to another." RSA 631:2, I(a). The defendant does not dispute that she was driving a motor vehicle when she struck the victim, knocking him to the ground, and then resumed driving, causing the victim serious bodily injury. She argues that the evidence was insufficient to support a finding of recklessness.

To prove that the defendant acted recklessly, the State had the burden to show that she was aware of, but consciously disregarded, a substantial, unjustifiable risk that serious bodily injury would result from her conduct. <u>State v. Carnevale</u>, 172 N.H. 700, 704 (2019). "In addition, the State had to show that the defendant's disregard for the risk of injury to another was a gross deviation from the regard that would be given by a law-abiding citizen." <u>Id</u>. (quotation omitted).

In this case, in order to convict the defendant of second-degree assault, the jury was required to find that the defendant was aware of, but consciously disregarded, a substantial, unjustifiable risk that serious bodily injury would result from proceeding through the intersection after striking the victim, and that her conduct was a gross deviation from that of a law-abiding person

because a law-abiding person would not have proceeded without first determining whether a person was in the path of her vehicle.

The defendant argues that the evidence of recklessness was solely circumstantial. When the evidence is solely circumstantial, the defendant must establish that the evidence does not exclude all reasonable conclusions except guilt. State v. Folley, 172 N.H. 760, 766 (2020). "The proper analysis is not whether every possible conclusion consistent with innocence has been excluded, but, rather, whether all reasonable conclusions other than guilt have been excluded." Id. at 766-67.

The defendant argues that the evidence was consistent with the reasonable conclusion that she was not reckless because, as she testified at trial, she was not aware that she struck the victim before proceeding through the intersection. However, the jury could have disregarded the defendant's explanation for her conduct if they questioned her credibility. See State v. Hull, 149 N.H. 706, 713 (2003). Given the evidence introduced at trial, including evidence of the force with which the defendant first struck the victim, knocking a 165-pound person to the ground, causing injury to his shoulder, we conclude that the alternative conclusion, that she was unaware that she struck him, is not reasonable, and that all reasonable conclusions other than guilt have been excluded. See Folley, 172 N.H. at 766-67.

We conclude that a rational trier of fact could have found, beyond a reasonable doubt, that the defendant was aware of and consciously disregarded the substantial and unjustifiable risk that serious bodily injury would result from proceeding through the intersection without first checking to see whether a person was in the path of her vehicle, and that her conduct constituted a gross deviation from that of a law-abiding citizen. See id.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.


**Timothy A. Gudas,
Clerk**